UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X   Case No.:
VERONICA GARCIA,

                Plaintiff,

   -against-                                 **COMPLAINT**

LEGENDS HOSPITALITY, LLC,
                                                   Plaintiff Demands a
                      Defendant.                  Trial by Jury
-----------------------------------------------------------------X

Plaintiff, by and through her attorneys, Arcé Law Group, P.C., hereby complains of Defendant LEGENDS HOSPITALITY, LLC, upon information and belief, as follows:

## **NATURE OF THE CASE**

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and to remedy violations of the New York State Executive Law, as well as the Administrative Code of the City of New York, based on the supplemental jurisdiction of this Court pursuant to *Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. § 1367, seeking damages to redress the injuries Plaintiff has suffered as a result of being discriminated against by the Defendant on the basis of her sex/gender, together with sexual harassment, *quid pro quo* sexual harassment, creating a hostile work environment, retaliation, and constructive discharge.

## **JURISDICTION AND VENUE**

2. The Court has jurisdiction pursuant to 42 U.S.C. § 2000e *et seq*; 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction thereto.

3. This action involves a Question of Federal Law.

4. Venue is proper in this district based upon the fact that a substantial part of the events or omissions giving rise to the claim occurred within the Southern District of the State of New York. 28 U.S.C. §1391(b).

5. On or about October 17, 2024, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

6. On or about November 25, 2024, Plaintiff received a Notice of Right to Sue letter from the EEOC.

7. This action was commenced within ninety (90) days of said Notice of Right to Sue.

## PARTIES

8. Plaintiff is a female resident of the State of New York, County of Bronx.

9. At all times material, Defendant LEGENDS HOSPITALITY, LLC ("LEGENDS HOSPITALITY") was and is a foreign limited liability company, duly existing under the laws of the State of Delaware.

10. At all times material, Defendant LEGENDS HOSPITALITY was and is a foreign limited liability company authorized to do business in the State of New York, and which does business in the State of New York.

11. At all times material, Plaintiff was an employee of Defendant LEGENDS HOSPITALITY.

## MATERIAL FACTS

12. On or about June 8, 2023, Plaintiff began working for Defendant LEGENDS HOSPITALITY as a Cashier/Bartender on its Circle Line cruises, docked at Pier 83 in Manhattan. Plaintiff was hired as a seasonal worker but worked between 30 and 40 hours per week.

13. On or about June 28, 2023, Plaintiff was scheduled to work but suffered an asthma attack, which required her admittance to the hospital for treatment. As a result, Plaintiff called her Supervisor, Ezequiel Rodriguez, informed him of her hospital admission, and told him that she would have to miss that day's shift.

14. Later that same day, while Plaintiff was in the hospital, Mr. Rodriguez text messaged Plaintiff, "Everytime I see you without the uniform I been like wow specially that day you was in your gray sweatpants you gorgeous." Plaintiff was confused and replied, "You've been eyeing me?" Mr. Rodriquez replied, "Yes I have hope you like that / And that ok / For me to do." Plaintiff responded and asked what his intentions were when "eyeing her." Mr. Rodriguez wrote, "That I wish [I] can talk you and in my mind I been like I wish I can have a woman like that by myself." Plaintiff was uncomfortable and replied, "Aren't you my boss & do you think it's okay for you to feel like this about me[?]" Mr. Rodriguez admitted he was her boss and explained, "I'm one boss & I do think it's ok about me feel like that / That don't affect job." Plaintiff did not respond and the conversation ended.

15. On or about July 8, 2023, Plaintiff returned to work and discussed Mr. Rodriguez' inappropriate text messages with Team Lead, Tereasa (last name currently unknown), who told Plaintiff, "That's nothing new with [Mr. Rodriguez], he's been harassing women for years and he gets away with it."

16. During that same shift, Plaintiff told her coworker, Janelle (last name currently unknown), about Mr. Rodriguez' inappropriate text messages. Janelle then told Plaintiff that Mr. Rodriguez had sexually harassed *her* in the past but that she did not report it because he is "close" with Defendant LEGENDS HOSPITALITY's Supervisors.

17. Additionally, during the same shift, Supervisor, Desiree Anthony, told Plaintiff that another female employee, Jetta (last name currently unknown), had previously reported Mr. Rodriguez for sexual harassment, and that she had been fired shortly after.

18. As a result of the above conversations, especially the fact that Ms. Anthony admitted previous knowledge of Mr. Rodriguez' pervasive sexual harassment, Plaintiff did not initially report the sexual harassment to HR.

19. Defendant LEGENDS HOSPITALITY knew about Mr. Rodriguez' sexual harassment and did nothing to protect Plaintiff from it.

20. Over the next few months, Mr. Rodriguez openly flirted with Plaintiff at work. To that end, Mr. Rodriguez regularly told Plaintiff that she was pretty, gorgeous, beautiful, and/or cute, to which Plaintiff responded, "Leave me alone." Mr. Rodriguez simply laughed in response.

21. At the same time, Plaintiff began to notice that Mr. Rodriguez routinely found a reason to be in her work area during shifts, and that he routinely touched Plaintiff's arm for no reason while they spoke.

22. In or around mid-July 2023, Mr. Rodriguez asked Plaintiff if she had a boyfriend and she replied, "Yes." Mr. Rodriguez responded, "I figured as much because you're so beautiful."

23. Defendant LEGENDS HOSPITALITY failed to monitor the workplace and to timely correct Mr. Rodriguez' sexual harassment.

24. After Plaintiff disclosed the fact that she had a boyfriend, Mr. Rodriguez began nitpicking Plaintiff's work performance. Additionally, Mr. Rodriguez went out of his way to instruct Plaintiff to carry heavy boxes from the bottom of the ship to the top deck. Notably, prior to Plaintiff's rejection of his sexual advances, Mr. Rodriguez never required Plaintiff to carry the heavy boxes.

25. Plaintiff's continued employment, as well as the benefits, terms, and the conditions of such employment, were based on her submission to, and/or refusal of, Mr. Rodriguez' sexual advances.

26. In or around November 2023, Plaintiff went out of work for a scheduled surgery to remove inflamed fallopian tubes.

27. Despite Plaintiff's surgery, she continued to experience persistent abdominal pain.

28. In or around April 2024, Plaintiff returned to work for the start of the 2024 season and provided Mr. Rodriguez, as well as Defendant LEGEND HOSPITALITY's HR, with a doctor's note that restricted Plaintiff from carrying heavy items due to her recurring abdominal pain.

29. At the same time, immediately upon Plaintiff's return to work, Mr. Rodriguez began sexually harassing her again. Specifically, Mr. Rodriguez regularly touched Plaintiff's arm and told her that she was "beautiful."

30. Additionally, because Plaintiff did not immediately give in to Mr. Rodruguez' sexual advances, he started nitpicking her work again.

31. On or about June 2, 2024, Plaintiff was eating her "pre-shift meal," got up from her table to get a napkin, and left her plate where she was sitting. Mr. Rodriguez then asked, in reference to Plaintiff's plate of food, "Whose food is this?" Plaintiff replied that the food was hers, took her plate, and began to walk away. Mr. Rodriguez then followed Plaintiff and asked, in a sexual manner, "**Mmm, can I have some? I'm *hungry*.**" Plaintiff simply ignored Mr. Rodriguez.

32. At this point, Mr. Rodriguez' sexual harassment, as well as retaliation, had become too much to bear and Plaintiff decided to complain.

33. Accordingly, on or about June 3, 2024, Plaintiff emailed General Manager, Kristen Mullahey, and asked her to confirm that the email address for Defendant LEGEND HOSPITALITY's HR is HR@legends.net, which Ms. Mullahey confirmed.

34. Later that day, Plaintiff emailed HR and complained about Mr. Rodriguez' sexual harassment and retaliation.

35. The next day, Plaintiff emailed Ms. Mullahey, "… when I get a chance I would like to speak to you about what's been going on since last year into this year.  First it was sexual harassment that I have proof of & then was harassment that I've been dealing with at this job."

36. On or about June 5, 2024, HR Intern, Ava Londa, replied to Plaintiff's June 3, 2024 email, "I am sorry you have been put in this position.  Your email has been received and is being taken seriously.  I have forwarded the details to the Senior VP of HR and you should receive a response shortly."

37. That same day, Plaintiff met with Ms. Mullahey in her office.  Ms. Mullahey thanked Plaintiff for coming forward and told her to tell any other women who were harassed by Mr. Rodriguez to come speak with her.  At the same time, Mr. Rodriguez was sent home early from his shift.

38. Later that morning, Plaintiff emailed Ms. Mullahey to memorialize her complaint.

39. Nevertheless, on or about June 8, 2024, Mr. Rodriguez reported back to work and immediately started following Plaintiff around the boat again.  As a result, Plaintiff emailed Ms. Mullahey, "… I don't think [Mr. Rodriguez being back is] fair.  I feel like there were no consequences for his actions.  For him to be back is very uncomfortable and I don't feel ok about this and I'm not comfortable with the decision you [Ms. Mullahey] or HR made … I am so uncomfortable [Ms. Mullahey.]"

6

40. At the end of her shift, Plaintiff remained on Defendant LEGENDS HOSPITALITY's boat and waited for her boyfriend to pick her up, as she usually did, while the rest of the crew disembarked.

41. A few minutes after Mr. Rodriguez left the boat, Plaintiff noticed him **taking pictures of her from the dock**. Plaintiff immediately left the boat and asked Mr. Rodriguez why he was taking pictures of her. Mr. Rodriguez claimed that he took the pictures to send to HR because Plaintiff was allegedly not supposed to still be on the boat. Plaintiff then called the police and reported Mr. Rodriguez for harassment.

42. The next morning, Plaintiff emailed HR, "… I had a conversation with [Ms. Mullahey] yesterday early around 3:26 PM … and she told me that you guys have closed the case. When I reached out to you guys I was searching for help. I'm way past the point of being uncomfortable. I don't feel that anything was done due to another incident that accrued (sic) last night with [Mr. Rodriguez] … My safety was not protected … [Mr. Roriguez] last night was taking pictures of me. I caught him … [He] said he was taking pictures to send it to [Ms. Mullahey] supposedly. How do I know if he ain't sending it to his friends or family … I don't feel safe here … All I wanted was for someone to help me with this situation and I feel you HR didn't protect me."

43. On or about June 10, 2024, VP, Human Resources, Susan Eisma, emailed Plaintiff and requested that they schedule a call.

44. However, before Plaintiff could speak with Ms. Eisma, SVP, Human Resources, Alyssa Goldberg, emailed Plaintiff and requested that the two of them speak.

45. Accordingly, on or about June 13, 2024, Plaintiff spoke with Ms. Goldberg and reported Mr. Rodriguez' sexual harassment, as well as retaliation.

46. Then, on or about June 17, 2024, Plaintiff received her schedule for the next week and realized that **her hours had been cut to 27.5 hours for the week**.

47. Defendant LEGENDS HOSPITALITY cut Plaintiff's hours in retaliation for her complaints of sexual harassment and retaliation.

48. That evening, Plaintiff emailed Ms. Goldberg and complained that her hours had been cut. Ms. Goldberg replied, "As far as your hours go, you need to ask the person who does scheduling. I would not be able to answer that question for you. Once you get the answer, if you still need Human Resources, please 'reply all.'"

49. Then, a few days later, Ms. Mullahey called Plaintiff and told her that Mr. Rodriguez had been terminated.

50. The following week, Plaintiff was scheduled to work her regular hours.

51. However, after Mr. Rodriguez was terminated, Defendant LEGENDS HOSPITALITY's managers started a campaign of retaliation which culminated in Plaintiff's constructive discharge.

52. For instance, on or about July 10, 2024, Ms. Anthony told Plaintiff, in the presence of Supervisors, Shameika Whitehead, and Travis (last name currently unknown), that Plaintiff was disgusting and that she (Ms. Anthony) wanted to fight Plaintiff. Despite standing right there, Ms. Whitehead and Travis did nothing to stop Ms. Anthony's harassment.

53. Later, during the same shift, Plaintiff and a coworker discussed the fact that the work schedules used to be posted on Saturday but they had recently not been posted until Monday. Ms. Anthony overheard the conversation and interjected, "**Well, you're (Plaintiff) the one who got [Mr. Rodriguez] fired and he was the best manager that we had in the back**."

54. The next day, Plaintiff emailed Ms. Goldberg and complained about Ms. Anthony's harassment, as well as her being openly blamed for Mr. Rodriguez' termination. Ms. Goldberg did not respond to Plaintiff's email.

55. Instead, on or about July 15, 2024, Ms. Eisma emailed Plaintiff and asked to schedule a time to speak.

56. As such, on or about July 19, 2024, Plaintiff spoke with Ms. Eisma and reported Ms. Anthony's harassment, as well as her being blamed for Mr. Rodriguez' termination.

57. The next day, Plaintiff was scheduled to bartend on the third deck and realized that she needed additional mixers at the bar. Plaintiff asked Ms. Whitehead if she (Ms. Whitehead) could ask one of the barbacks to retrieve the mixers. Ms. Whitehead curtly told Plaintiff, "Go get it yourself." However, Plaintiff objected and explained that she could not carry such heavy items to the third deck because of her accommodation due to her recurring abdominal pain. Ms. Whitehead angrily turned her back to Plaintiff and requested over the radio that someone bring up the missing mixers.

58. A short while later, and out of the blue, Ms. Whitehead threatened Plaintiff, "**I have family and cousins that will come to this pier for you**."

59. Plaintiff reported Ms. Whitehead's threats of violence to Travis and Supervisor, Joshua Jimenez. Travis and Mr. Jimenez offered to have Plaintiff change boats but also said, "There's nothing else that we can do." At that point, Plaintiff told Mr. Jimenez that she was clocking out because she did not feel safe and feared what may happen at the end of her shift if Ms. Whitehead called her "family and cousins."

60. As a result, on or about July 21, 2024, Plaintiff emailed Ms. Eisma and reported Ms. Whitehead's threats of violence towards her, as well as retaliation for Mr. Rodriguez' termination.

61. The next morning, Ms. Eisma replied, "I'm so sorry that it sounds like you had an extremely unpleasant and unsettling weekend of work. I would welcome the opportunity to speak with you so we can discuss next steps."

62. Later that day, because of the sexual harassment to which she was subjected by Mr. Rodriguez, as well as the subsequent retaliation that she faced after reporting such harassment, including but not limited to decreased hours and threats of violence, Plaintiff emailed HR and resigned her employment.

63. Shortly thereafter, Ms. Eisma offered to place Plaintiff on paid administrative leave, pending Defendant's investigation. However, Plaintiff reiterated that she did not feel safe working for Defendant LEGENDS HOSPITALITY anymore and that she would not return back to work.

64. On or about July 21, 2024, Plaintiff was constructively discharged.

65. Defendant LEGENDS HOSPITALITY would not have harassed and/or discriminated against Plaintiff but for her sex/gender.

66. Defendant LEGENDS HOSPITALITY would not have retaliated against Plaintiff but for her complaints of sexual harassment.

67. Defendant LEGENDS HOSPITALITY failed to provide Plaintiff with a work environment free from sexual harassment.

68. Defendant LEGENDS HOSPITALITY's actions were intended to, and did, create a work environment that no reasonable person would tolerate.

69. As a result of Defendant LEGENDS HOSPITALITY's actions, Plaintiff felt and continues to feel extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

70. As a result of Defendant LEGENDS HOSPITALITY's discriminatory and intolerable treatment of Plaintiff, she has suffered, and continues to suffer, severe emotional distress and physical ailments.

71. As a result of the acts and conduct complained of herein, Plaintiff has suffered, and will continue to suffer, the loss of income, the loss of a salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses and emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

## AS A FIRST CAUSE OF ACTION
## UNDER TITLE VII
## DISCRIMINATION

72. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

73. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a) provides that:

    It shall be an unlawful employment practice for an employer - (1) … to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment because of such individual's … sex [.]

74. Defendant LEGENDS HOSPITALITY engaged in unlawful employment practices prohibited by Title VII by discriminating against Plaintiff on the basis of her sex, together with sexual harassment, *quid pro quo* sexual harassment, creating a hostile work environment, retaliation, and constructive discharge.

## AS A SECOND CAUSE OF ACTION
## UNDER TITLE VII
## **RETALIATION**

75. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

76. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees … because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

77. Defendant LEGENDS HOSPITALITY engaged in an unlawful employment practice, prohibited by Title VII, by retaliating against Plaintiff, including threatening termination and constructive discharge, because of her opposition to LEGENDS HOSPITALITY's unlawful employment practices.

## AS A THIRD CAUSE OF ACTION
## UNDER STATE LAW
## **DISCRIMINATION**

78. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

79. Executive Law § 296 provides that:

> 1. It shall be an unlawful discriminatory practice: (a) For an employer … because of an individual's . . . sex . . . to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

80. Defendant LEGENDS HOSPITALITY engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of her sex, together with sexual harassment, *quid pro quo* sexual harassment, creating a hostile work environment, retaliation, and constructive

12

discharge

81. Plaintiff hereby makes a claim against the Defendant LEGENDS HOSPITALITY under all of the applicable paragraphs of Executive Law Section 296.

## AS A FOURTH CAUSE OF ACTION
## UNDER STATE LAW
## **RETALIATION**

82. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

83. New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice:

> For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article.

84. Defendant LEGENDS HOSPITALITY engaged in an unlawful discriminatory practice by retaliating and otherwise discriminating against Plaintiff, including threatening termination and constructive discharge, because of Plaintiff opposition to her employer's unlawful employment practices.

## AS A FIFTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## **DISCRIMINATION**

85. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

86. The Administrative Code of City of New York, Title 8, § 8-107 (1) provides that:

> It shall be an unlawful discriminatory practice: (a) For an employer … because of the actual or perceived … gender… of any person … [t]o refuse to hire or employ or to bar or to discharge from employment such person …

or … [t]o discriminate against such person in compensation or in terms, conditions or privileges of employment.

87. Defendant LEGENDS HOSPITALITY engaged in an unlawful discriminatory practice in violation of the New York City Administrative Code Title 8, § 8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff on the basis of her sex, together with sexual harassment, *quid pro quo* sexual harassment, creating a hostile work environment, retaliation, and constructive discharge.

### AS A SIXTH CAUSE OF ACTION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
### RETALIATION

88. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

89. The New York City Administrative Code Title 8, § 8-107 (7) provides that:

It shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter, (iii) commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter…[.]

90. Defendant LEGENDS HOSPITALITY engaged in an unlawful discriminatory practice by retaliating, and otherwise discriminating against Plaintiff, including, threatening termination and constructive discharge.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant LEGENDS HOSPITALITY:

A. Declaring that the Defendant LEGENDS HOSPITALITY engaged in unlawful employment practices prohibited by Title VII, the New York State Human Rights Law, and the New York

City Administrative Code, on the basis of her sex/gender, together with sexual harassment, *quid pro quo* sexual harassment, creating a hostile work environment, retaliation, and constructive discharge;

B. Awarding damages to Plaintiff for all lost wages and benefits past and future, back pay and front pay and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practice;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE,** Plaintiff demands judgment against the Defendant LEGENDS HOSPITALITY in an amount to be determined at the time of trial plus interest, Punitive Damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: January 28, 2025
   New York, New York

              **ARCÉ LAW GROUP, P.C.**
              *Attorneys for Plaintiff*

         By: */s/ Gregory Kirschenbaum*
            Gregory W. Kirschenbaum, Esq.
            45 Broadway, Suite 2810
            New York, NY 10006
            (212) 248-0120